IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

THOMAS MATTHEW RIEMER                                                      PLAINTIFF

v.                                        Civil No. 5:23-cv-5161-TLB-CDC

SHERIFF JAY CANTRELL; DEPUTY
CODY REX; and APRN KELLEY HINELY                                          DEFENDANTS

## OPINION AND ORDER

This is a civil rights action filed by the Plaintiff pursuant to 42 U.S.C. § 1983.  Plaintiff proceeds *pro se* and *in forma pauperis.*  Currently before the Court are:

- Plaintiff Thomas Matthew Riemer's Motion to Compel as to Defendants Sheriff Jay Cantrell and Deputy Cody Rex (ECF No. 141);

- Plaintiff's Motion to Compel as to Defendant APRN Kelley Hinely (ECF No. 152), and Defendant Hinely's Response in Opposition (ECF No. 156);

- Defendant Hinely's Motion to Strike (ECF No. 157) and Brief in Support (ECF No. 158); and

- Two Motions for Extension of Time (ECF Nos. 159, 160) filed by Plaintiff.

For the reasons given below, Plaintiff's Motion to Compel as to Defendants Cantrell and Rex is GRANTED; Plaintiff's Motion to Compel as to Defendant APRN Kelley Hinely is DENIED; and Defendant Hinely's Motion to Strike and Plaintiff's two Motions for Extension of Time are MOOT.

### 1. Plaintiff's Motion to Compel as to Defendants Cantrell and Rex (ECF No. 141)

The Initial Scheduling Order in this case imposed a deadline of October 10, 2025, for the Defendants to "provide Plaintiff with a copy of all incident reports documenting incidents

1

referenced in the Plaintiff's complaint, including any color photographs, and video footage of the same," along with "a copy of all medical requests, grievances, and photographs in the Plaintiff's file, as well as any written policies, which relate to the facts recited in Plaintiff's complaint." *See* ECF No. 126, p. 1.  That Order also set a deadline of December 24, 2025, for all discovery in this matter to be completed.  *See id.* at 2.

On October 22, Plaintiff filed a motion to compel (ECF No. 128), asserting that he had not yet received any initial disclosures from Defendants Cantrell and Rex as required by the Initial Scheduling Order.  Those Defendants responded that they had repeatedly attempted to mail Plaintiff "all documents in [their] possession which relate to the allegations in the Complaint," but that the packages kept being returned because Plaintiff kept being transferred to new facilities before the mailings arrived.  *See* ECF No. 130, ¶ 2–5.  They attached proof of those mailings to their response.  *See* ECF Nos. 130-1, 130-2.  On November 7, the Court entered an Order granting in part and denying in part Plaintiff's motion, stating:

> Plaintiff's last Notice of Change of Address (ECF No. 129) indicated that he will soon be transferred to his final destination facility.  Once Plaintiff arrives at his final destination facility he should file another notice of change [of] address, following which Defendants should promptly re-send the discovery documents described in their Response (ECF No. 130) to his Motion to Compel.

(ECF No. 131).  Later that same day, Plaintiff filed that notice of change of address.  *See* ECF No. 132.

On December 16, Plaintiff filed a motion to extend the deadline to complete discovery, on the grounds that he still had not received any initial disclosures from Defendants Cantrell and Rex. *See* ECF No. 138.  The Court granted this motion in part, extending the discovery cutoff date to January 14, 2026.  *See* ECF No. 139.

On January 14, Plaintiff mailed to the Court a Motion to Compel, which was received and filed on January 20, stating that he still had not received any initial disclosures from Defendants

2

Cantrell and Rex, and that he also had not received any response from those Defendants to additional discovery requests that he had mailed to them on December 26, 2025, a copy of which he attached to his Motion. *See* ECF No. 141. Defendants Cantrell and Rex never filed any response to this Motion. However, they did file a motion for summary judgment a couple of weeks later. *See* ECF No. 148. The Court entered an Order staying Plaintiff's deadline to respond to this motion for summary judgment (as well as to another motion for summary judgment filed by Defendant Hinely) pending resolution of Plaintiff's Motions to Compel. *See* ECF No. 155.

Rule 37 of the Federal Rules of Civil Procedure provides that a party may file a motion to compel if the opposing party fails to answer an interrogatory or fails to produce documents. Fed. R. Civ. P. 37(a)(3)(A). Rule 7.2(b) of the Local Rules for the Eastern and Western Districts of Arkansas requires any party opposing a motion to file a statement of opposition within fourteen days from that motion's date of service. As noted above, Defendants Cantrell and Rex have not filed any response to Plaintiff's Motion, and their deadline to do so under the Local Rules has expired. Rule 7.2(f) of the Local Rules states that "[t]he failure to timely respond to any nondispositive motion . . . shall be an adequate basis, without more, for granting the relief sought in said motion."

Accordingly, Plaintiff's Motion to Compel (ECF No. 141) as to Defendants Cantrell and Rex will be **GRANTED** as follows: Defendants Cantrell and Rex are ordered to provide to Plaintiff the initial disclosures and discovery responses that are the subject of his Motion **no later than May 1, 2026**. Upon mailing this discovery to Plaintiff, Defendants Cantrell and Rex must file proof of that mailing in this matter. If they contend that they already provided this discovery to Plaintiff *at his current address* prior to the entry of the instant Order, then they must either file proof of that previous mailing, or else re-send said discovery to Plaintiff and file proof of the new mailing.

**2. Plaintiff's Motion to Compel as to Defendant Hinely (ECF No. 152); Defendant Hinely's Motion to Strike (ECF No. 157)**

On February 4, 2026, Plaintiff mailed to the Court a Motion to Compel as to Defendant Hinely, which the Court received and filed on February 9. In that Motion, Plaintiff contends that he received discovery responses from Defendant Hinely on January 26, and that these responses were accompanied by a letter dated January 15. He asserts that this violates the discovery cutoff date of January 14 that this Court had previously imposed. *See* ECF No. 152, p. 1. Plaintiff also argues that Defendant Hinely's responses to his discovery requests are deficient in various ways. *See generally id.* However, Plaintiff has not provided copies of either his discovery requests or Defendant Hinely's responses, and has instead provided only general descriptions of these items. *See generally id.* In her Response to Plaintiff's Motion, Defendant Hinely informs the Court that Plaintiff propounded his discovery requests to her on December 11, 2025, and that she provided her responses and objections on January 14. *See* ECF No. 156, p. 3.

At the time Plaintiff propounded these discovery requests (December 11), the discovery cutoff date was December 24. *See* ECF No. 134. That deadline was subsequently extended to January 14. *See* ECF No. 139. However, the deadline for *responding* to timely discovery requests is provided by the Federal Rules of Civil Procedure, which imposes a deadline of thirty days after service within which to respond to interrogatories and requests for production of documents. *See* Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A). Thirty days after December 11, 2025 was January 10, 2026, which was a Saturday; thus, under the Federal Rules, the response deadline was automatically extended to the next business day: January 12, a Monday. *See* Fed. R. Civ. P. 6(a)(1)(C). Then, because Plaintiff's discovery requests were sent by mail, an additional three days are added, making Defendant Hinely's response deadline January 15, 2026. *See* Fed. R. Civ. P. 6(d). So,

4

regardless of whether Defendant Hinely mailed her responses on January 14 or January 15, her responses were timely under the Federal Rules.

However, Plaintiff's Motion to Compel does not comply with this Court's Initial Scheduling Order.  Specifically, that Order requires that before any party files a motion to compel, "the party must in good faith confer or attempt to confer with the opposing party in an effort to resolve the discovery matter without court action," and must certify in the motion "that the movant has so conferred pursuant to Fed. R. Civ. P. 37(a)(1)."  *See* ECF No. 126, p. 2.  Plaintiff's Motion does not contain any such certification, and Defendant Hinely asserts that no such conferral occurred before Plaintiff's Motion was filed.  *See* ECF No. 156, p. 4.  Under Local Rule 7.2(g), this is a sufficient basis for summarily dismissing a motion to compel.  Therefore, Plaintiff's Motion to Compel as to Defendant Hinely (ECF No. 152) is **DENIED**.[1]

Defendant Hinely also filed a Motion to Strike Plaintiff's Motion to Compel.  *See* ECF No. 157.  However, because Plaintiff's Motion to Compel is being denied for failure to comply with this Court's Initial Scheduling Order and Local Rules, that Motion to Strike is **MOOT**.

### 3.  Plaintiff's Motions for Extension of Time (ECF Nos. 159, 160)

On February 12, 2026, this Court granted a previous Motion for Extension of Time (ECF No. 153) that Plaintiff filed, ordering that "Plaintiff's deadlines to respond to Defendants' Motions for Summary Judgment (ECF Nos. 144, 148) are STAYED, pending resolution of Plaintiff's Motions to Compel (ECF Nos. 141, 152).  New summary judgment response deadlines will be set by separate order, following resolution of Plaintiff's Motions to Compel."  *See* ECF

---

[1] The Court notes that Plaintiff's Motion to Compel as to Defendants Cantrell and Rex also did not contain any certification that he had conferred or attempted to confer with those Defendants prior to filing that Motion.  *See generally* ECF No. 141.  However, as discussed in Section 1 of this Opinion and Order above, the failure to produce that was alleged in that Motion had already been the subject of several previous rounds of conferral and motion practice, rendering further conferral on the topic unnecessary.

No. 155.  However, around the same time, Plaintiff filed several other Motions for Extension of Time (ECF Nos. 159, 160) regarding the same deadlines, perhaps because he was not yet aware that his previous Motion for Extension had already been granted.  Because Plaintiff's requested extension has already been granted, those additional Motions for Extension of Time (ECF Nos. 159, 160) are **MOOT**.

Although the Court has now issued rulings on Plaintiff's Motions to Compel, the matters discussed therein will not be fully resolved until Defendants Cantrell and Rex file proof of compliance as discussed in Section 1 of this Opinion and Order above.  Therefore, Plaintiff's deadlines to respond to both pending Motions for Summary Judgment remains STAYED, and will be reset by separate order once Defendants Cantrell and Rex have filed that proof of compliance.

Finally, the Court notes that in Plaintiff's various Motions to Compel, he complains of not yet having received the Defendants' Motions for Summary Judgment.  Out of an abundance of caution, the Court will order all Defendants to immediately re-send their Motions for Summary Judgment, Briefs in Support, Statements of Facts in Support, and supporting exhibits, to Plaintiff at his current address that is listed on the docket, and then to immediately file in this case proof of said mailings.

4.  **Conclusion**

**IT IS THEREFORE ORDERED** that:

- Plaintiff Thomas Matthew Riemer's Motion to Compel as to Defendants Sheriff Jay Cantrell and Deputy Cody Rex (ECF No. 141) is **GRANTED**;

- Plaintiff's Motion to Compel as to Defendant APRN Kelley Hinely (ECF No. 152) is **DENIED**; and

- Defendant Hinely's Motion to Strike (ECF No. 157) and Plaintiff's two Motions for

Extension of Time (ECF Nos. 159, 160) are all **MOOT**.

**IT IS FURTHER ORDERED** that all Defendants must immediately re-send their Motions for Summary Judgment, Briefs in Support, Statements of Facts in Support, and supporting exhibits, to Plaintiff at his current address that is listed on the docket, and must then immediately file in this case proof of said mailings.

**IT IS FURTHER ORDERED** that Defendants Cantrell and Rex must provide to Plaintiff the initial disclosures and discovery responses that are the subject of his Motion to Compel (ECF No. 141) **no later than May 1, 2026**. Upon mailing this discovery to Plaintiff, Defendants Cantrell and Rex must file proof of that mailing in this matter. If they contend that they already provided this discovery to Plaintiff *at his current address* prior to the entry of the instant Order, then they must either file proof of that previous mailing, or else re-send said discovery to Plaintiff and file proof of the new mailing. Once Defendants Cantrell and Rex have completed their compliance with this Order, deadlines for Plaintiff to respond to both pending Motions for Summary Judgment will be set by separate order.

**IT IS SO ORDERED** this 17th day of April 2026.

/s/ *Christy Comstock*

HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE

7